## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

EMILY GREENE, Individually
and as Parent of J                                                            PLAINTIFF

v.                                  No. 3:16-cv-331-DPM

EAST POINSETT COUNTY SCHOOL
DISTRICT                                                                      DEFENDANT

## ORDER

1.    **Background.** Emily Greene's nine-year-old daughter, J, has
disabilities.   Greene filed a due process complaint against J's school,
East Poinsett County School District, alleging violations of the
Individuals with Disabilities Education Act.   The parties settled on 15
June 2016;  and the complaint was dismissed with prejudice.   On 16
September 2016, Greene filed another due process complaint.   She said
that, in the three months following the June settlement, the District had
again violated the IDEA.   The hearing officer ruled in favor of the
District.   Greene now seeks reversal of that decision.   She also raises
non-IDEA claims.   The District seeks summary judgment.

2.    **Greene's Fact-Based Arguments.**    The Court is not
persuaded that any genuine disputes of material fact exist.   № 38 at 6–
7.  First, whether the District developed an adequate Individualized
Education Program for J isn't a factual dispute.   It's the mixed question
of law and fact that this case is all about.   *Fort Zumwalt School District v.*

*Clynes*, 119 F.3d 607, 611 (8th Cir. 1997). Next, there's no record support for Greene's claim that the District never adopted the IEP that it presented at the second due process hearing. That IEP is located at SD-1 through SD-17 of the administrative record. № *17*. The District's IEP team—and Greene—signed that document. Plus, in her second due process complaint, Greene described that document as "[t]he IEP developed by the District." № *17 at ADE-6*. Last, it's unclear whether the June settlement agreement was an admission by the District that it had violated the IDEA. № *38 at 7*. Assuming it was, the District's pre-settlement misconduct is irrelevant except as background: as the Court has ruled, this case is limited to what the District did in the three months after the settlement. № *16 at 2*; № *18-3 at 2*. There are no genuine disputes of material fact present.

**3. Legal Issues on the IDEA Claims.** The District is entitled to judgment as a matter of law on Greene's IDEA claims. In reviewing the administrative record in an IDEA case, this Court gives "due weight" to the state proceedings but must also "make an independent decision based upon a preponderance of the evidence[.]" *Neosho R-V School District v. Clark*, 315 F.3d 1022, 1028 (8th Cir. 2003) (emphasis omitted). Greene makes many points throughout her papers, but the core of her argument is that the due process hearing officer made two errors: assigning Greene the burden of proof; and concluding that day

treatment at Transformations Autism Treatment Center in Memphis was the least restrictive environment for J's education. № 46-2 at 2.

The Court sees no legal error on burden of proof. "The burden of proof in an administrative hearing challenging an IEP is properly placed upon the party seeking relief." *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 62 (2005); *see also Sneitzer v. Iowa Department of Education*, 796 F.3d 942, 948 (8th Cir. 2015). The hearing officer correctly put the burden on Greene.

On the proposed day treatment at Transformations, all material things considered, there's no basis to reverse the hearing officer. Greene presses hard that Transformations was not the least restrictive environment for J's behavioral therapy because J wouldn't have been educated alongside non-disabled children at that facility. 20 U.S.C. § 1412(a)(5)(A). The Court disagrees. Treating J at Transformations — where she would be around several other disabled children — was less restrictive than the status quo, home treatment. To the extent a home-based plan would have included some time for J at school, it was not unreasonable to take the interim step of behavioral therapy at Transformations before transitioning J back to school. The "least restrictive environment" requirement isn't absolute; the IDEA gives schools discretion to educate disabled children separate from their non-disabled peers. *Ibid*; *Pachl v. Seagren*, 453 F.3d 1064, 1067–68 (8th Cir. 2006). This was a temporary plan — four weeks at most — to address

- 3 -

some of J's behavioral problems and to best prepare her for a mainstream educational environment. The Court therefore declines to reverse the hearing officer's reasonable decision in favor of the District.

**4. Remaining Claims.** Greene's amended complaint also raised several non-IDEA claims: § 1983 due process and equal protection violations; discrimination and retaliation under the Rehabilitation Act; and discrimination under the Americans with Disabilities Act. № *18 at 9–20.* For various reasons, each of these claims fails.

First, any claims arising before 15 June 2016 — the settlement date — drop out. The Court has already ruled on the temporal scope of Greene's case: it's limited to what happened after the parties settled the first due process complaint. № *16 at 2;* № *18-3 at 2.*

Next, Greene didn't exhaust her administrative remedies on her § 1983, ADA, and Rehab Act retaliation claims. The law required her to do so. *J.M. ex rel. McCauley v. Francis Howell School District,* 850 F.3d 944, 947 (8th Cir. 2017). These claims are variations on a theme: J was denied a free appropriate education, Greene says, as a result of several bad acts by the District. *See, e.g.* № *18 at* ¶¶ *46, 56 & 67.* In substance, therefore, these claims "seek relief that is also available under the IDEA" and had to be raised in the administrative proceedings. 850 F.3d at 947–48 (alteration omitted); *see also* № *16 at 2.* They weren't.

Greene did raise her Rehab Act discrimination claim. *№ 18-2 at 8–10.* So there was exhaustion. The claim is precluded, though, because it is "necessarily resolved" by this Court's decision on the IDEA claims. *I.Z.M. v. Rosemount-Apple Valley-Eagan Public Schools*, 863 F.3d 966, 972 (8th Cir. 2017). Plus, Greene hasn't shown "bad faith or gross misjudgment" by the District. 863 F.3d at 973. Her Rehab Act discrimination claim therefore fails.

\*     \*     \*

The District's motion for summary judgment, *№ 27*, is granted. Greene's amended complaint will be dismissed with prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_19 April 2018_